**Carlton Akee TURNER, Petitioner–Appellant,**

v.

**Nathaniel QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent–Appellee.**

No. 08–70025.

United States Court of Appeals, Fifth Circuit.

July 7, 2008.

Clifford Wayne Huff, Boerne, TX, for Petitioner–Appellant.

Ellen Stewart–Klein, Office of the Attorney General Postconviction Litigation Div., Austin, TX, for Respondent–Appellee.

Before M. SMITH, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Carlton Turner appeals an order of the district court, entered June 19, 2008, denying his motion for appointment of counsel and his motion for stay of execution. In his merits brief, Turner raises only the following issue: "Does the federal appointment statute, 18 U.S.C. § 3599, provide prisoners sentenced under state law the right to federally appointed and funded counsel to pursue clemency under state law?"

In his brief, Turner "acknowledges that the law of this Circuit has foreclosed the issue." He is correct that in *Clark v. Johnson,* 278 F.3d 459, 462–63 (5th Cir. 2002), this court held that the statute does not apply to state clemency proceedings.

The order of the district court is accordingly AFFIRMED. Turner's separate motion for stay of execution filed in this court is DENIED. *See Hood v. Quarterman,* 281 Fed.Appx. 394 (5th Cir.2008) (per curiam), *cert. denied,* —— U.S. ——, 128 S.Ct. 2953, —— L.Ed.2d —— (2008), *stay denied sub. nom. In re Hood,* —— U.S. ——, 128 S.Ct. 2953, —— L.Ed.2d —— (2008), *stay denied sub. nom. Hood v. Texas,* —— U.S. ——, 128 S.Ct. 2953, —— L.Ed.2d —— (2008).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

PRADO, Circuit Judge, concurring in part and dissenting in part:

I agree that Fifth Circuit precedent forecloses Turner's argument. *See Clark v. Johnson*, 278 F.3d 459 (5th Cir.2002). However, the Supreme Court recently granted certiorari to consider this issue. *Harbison v. Bell*, — U.S. —, 128 S.Ct. 2959, — L.Ed.2d — (2008). *Harbison* will resolve a circuit split concerning whether the federal appointment statute applies to state clemency proceedings. Given the gravity and finality of the death penalty, I would grant Turner's motion for stay of execution pending the outcome of that case. The Supreme Court employed a similar tactic when it stayed executions while it resolved a dispute involving lethal injection in *Baze v. Rees*, — U.S. —, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008). Accordingly, I agree with the majority's decision to affirm the ruling of the district court, but I dissent from the majority's decision to deny Turner's motion for stay of execution.